KING, P.J., for the Court:
¶ 1. Kendrick Brown (Brown) perfected this appeal from an order of the Wayne County Circuit Court denying his motion for clarification and correction of illegal sentence. Brown was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections with ten years to serve, fifteen years suspended and five years supervised probation. The following allegations of error are taken verbatim from his brief: (1) whether the trial court, while hearing original case, entertained an indictment which violated the rules of the Bill of Particulars, (2) whether the petitioner was tried and convicted via the usage of variance in the indictment and (3) whether the imposed sentence, with all the facts of law considered, [sic] illegal.
FACTS
¶ 2. On June 24, 1997, the Wayne County Grand Jury jointly indicted Brown and Eric Miller for two counts of drive-by shooting. Both Brown and Miller appeared in open court on October 14, 1997, and entered pleas on those charges. After determining that the proper parties were before the court, the trial judge noted that the indictment listed the statutory section number and the charge but did not include the statutory language “discharging a firearm while in or on a vehicle.” The trial judge questioned both defense counsel concerning the discrepancy. Both counsel assured the court that the omission was not an issue in the case. Based upon this acknowledgment, the trial court amended the indictment to conform to the drive-by-shooting requirements.
¶ 3. The trial judge then questioned Brown to determine whether his plea was made knowingly, voluntarily, understandingly and freely. Under oath in open court, Brown testified that the shooting was the result of a drug deal gone bad. Brown assured the court that he was not under the influence of any intoxicants. Brown testified that he had not received any promises or threats which induced him to plead guilty. Brown testified that he understood the charges. When asked by the trial judge if he was satisfied with the services of his counsel, Brown responded that he was satisfied and did not have any complaints.
¶ 4. The State recommended that Brown be sentenced to twenty-five years with fifteen years suspended leaving ten years to serve in the custody of the Mississippi Department of Corrections. Upon his release, Brown would then be placed on supervised probation for five years. In exchange for his guilty plea, the second count of drive-by shooting would be dismissed.
¶ 5. Brown was advised of the minimum and maximum sentences allowable for drive-by shooting. He was also advised that by entering a guilty plea he waived certain constitutional rights. Brown stated his understanding and again acknowledged his desire to enter a guilty plea. The court accepted Browns plea and sentenced him based on the recommendations made by the State.
¶ 6. In 1999, two years after having entered a guilty plea, Brown filed a motion for clarification and correction of illegal sentence with the Wayne County Circuit Court. Because Brown had already begun serving his sentence, the trial court denied this motion for lack of jurisdiction. Brown then filed a notice of appeal and a petition *413 for review and ruling to the Mississippi Supreme Court. The supreme court dismissed the petition indicating the matter could be considered in Brown’s direct appeal. Brown’s appeal of the Wayne County Circuit Court’s order is now before this Court on direct appeal.
ANALYSIS AND DISCUSSION
I.
Whether the trial court, while hearing original case, entertained an indictment which violated the rules of the Bill of Particulars.
II.
Whether this petitioner was tried and convicted via the usage of variance in the indictment.
III.
Whether the imposed sentenced, with all facts of law considered, [sic] illegal.
¶ 7. Brown has raised two issues regarding the text of the indictment and one regarding his sentence. This Court’s disposition of the indictment issues renders moot the sentence issue. The record reflects that the trial court gave the parties notice of the defect in the indictment. Having called the defect to their attention, the trial court asked if this defect was a problem. All parties answered no. The response is tantamount to an agreement to amend the indictment. Based upon their representation, the trial court, on its own motion, amended the indictment to conform to the statutory requirement for drive-by shooting.
¶ 8. After having the indictment defect called to his attention, Brown, in the presence of his attorney and various family members, indicated it was still his desire to enter a plea of guilty to the charge of drive-by shooting. Having ascertained that Brown understood what he was doing and its effect, the trial court accepted Brown’s plea of guilty. Non-jurisdictional defects in an indictment may be cured by amendment. Buford v. State, 756 So.2d 815 (¶ 4)(Miss.Ct.App.2000). Accordingly, this Court holds that the trial court properly amended the indictment, and that Brown’s plea of guilty waived all non-jurisdictional defects in the indictment.
¶ 9. As a general rule a guilty plea waives all non-jurisdictional defects contained in an indictment. McClurg v. State, 758 So.2d 473 (¶ 17) (Miss.Ct.App. 2000); Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990). Such defects may be cured by amendment. “The test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made.” Greenlee v. State, 725 So.2d 816 (¶ 10) (Miss.1998). Adding the language of the statute to the indictment did not change or affect Brown’s defense in such a way as to create error. He knew he was charged with drive-by shooting. He was prepared to defend the charge of drive-by-shooting. He pled guilty to drive-by shooting.
¶10. JUDGMENT OF THE WAYNE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.