792 So.2d 319 (2001)
John Henry IVY a/k/a John Adams, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01068-COA.
Court of Appeals of Mississippi.
May 29, 2001.
Rehearing Denied August 14, 2001.
John Henry Ivy, Appellant Pro Se.
Office of the Attorney General by Deirdre McCrory, for Appellee.
*320 Before SOUTHWICK, P.J., BRIDGES, and LEE, JJ.
BRIDGES, J., for the Court:
¶ 1. This case comes from the Circuit Court of Lee County, Honorable Thomas J. Gardner III presiding. John Henry Ivy sought post-conviction relief from his guilty plea for the crime of robbery. Ivy's petition was denied by the trial court. Ivy now appeals to this Court bringing three issues:
1. WHETHER THE CIRCUIT COURT'S SUMMARY DENIAL AND DISMISSAL OF APPELLANT'S MOTION FOR POST-CONVICTION RELIEF WAS ERROR?
2. WHETHER THE CIRCUIT COURT JUDGE WHO PRESIDED OVER THE POST CONVICTION RELIEF MATER BELOW, HON. THOMAS GARNER, WAS NOT NEUTRAL, IMPARTIAL OR OBJECTIVE, AND SHOULD HAVE DISQUALIFIED HIMSELF?
3. WHETHER THE APPELLANT DID MAKE A PRIMA FACIE SHOWING OF THE DENIAL OF A STATE AND FEDERAL RIGHT?
Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. On March 11, 1987, John Henry Ivy was indicted in Pontotoc County for the armed robbery of Kay Pratt. Ivy was found guilty of the crime and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections. Almost a year later, Ivy was indicted in Lee County for the armed robbery of Kay Pratt. A mistake was made in the indictment, as the victim was really Gene O'Callaghan, and the indictment was amended on June 29, 1988. Trial was held in this case on June 30, 1988. During this appearance Ivy pled guilty to the crime of armed robbery.
¶ 3. Ivy brought a motion for post-conviction relief to vacate his conviction and sentence on May 23, 2000. Ivy filed this motion on the grounds the indictment filed against him did not properly name the person who was actually robbed. The trial court held that even though the statute of limitations to file such an action is three years, and the period of time which had expired was close to twelve years, it would rule on Ivy's motion on the merits. The trial court did this because according to section 99-39-5(2) of the Mississippi Code, if an intervening decision of the Mississippi Supreme Court would have adversely affected the outcome of the appellant's trial, the statute of limitations may be waived. One such exception is when the appellant raises a challenge based on a violation of a fundamental right. Ivy claimed he fit into this exception because his fundamental rights had been violated by the grand jury putting the wrong name on his indictment. The trial court denied Ivy's petition for post-conviction relief.

DISCUSSION OF THE LAW
¶ 4. The three year statute of limitations for a post-conviction appeal has run in this case, therefore raising a procedural bar. Miss.Code Ann. § 99-39-5(2) (Rev.2000). However, if an intervening decision of the Mississippi Supreme Court would have adversely affected the outcome of the appellant's trial, the statute of limitations may be waived. Id. The Mississippi Supreme Court has held that when it is necessary to protect a fundamental right, a procedural bar may be excepted. Sneed v. State, 722 So.2d 1255, 1257 (Miss.1998). Ivy claims his fundamental rights were violated because the person named as the victim in Ivy's indictment was the wrong person, therefore overcoming the procedural bar. We are not so convinced. Ivy's indictment was amended in accordance *321 with section 99-17-13 of the Mississippi Code, which allows amendments to an indictment "[w]hen they are to form and not to substance." Burson v. State, 756 So.2d 830 (¶ 14) (Miss.Ct.App.2000). It has been held by this Court and the Mississippi Supreme Court that a change of the name of the victim in an indictment goes to form not substance. Id.; Evans v. State, 499 So.2d 781, 784 (Miss.1986). For this reason, no fundamental right was violated in this case, and the three year statute of limitations acts as a bar to Ivy's claim.
¶ 5. Additionally, we must point out Ivy pled guilty to the crime of armed robbery. "As a general rule a guilty plea waives all non-jurisdictional defects contained in an indictment." Brown v. State, 772 So.2d 411 (¶ 9) (Miss.Ct.App.2000). The name of the victim in the indictment is not the basis of the trial court's jurisdiction in this case. The crime itself was the basis of the trial court's jurisdiction, and Ivy pled guilty to the crime. Also, "[n]onjurisdictional defects in an indictment may be cured by amendment" as was the defect in this case. Id. at (¶ 8). Therefore, this Court can further affirm Ivy's conviction without addressing Ivy's issues.

CONCLUSION
¶ 6. This Court finds Ivy's motion for post-conviction relief is barred by the statute of limitations, and Ivy's guilty plea waives the defect in his indictment. We affirm the trial court's denial of post-conviction relief.
¶ 7. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING IVY'S MOTION FOR POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.