IRVING, J.,
for the Court.
¶ 1. After the Circuit Court of the First Judicial District of Harrison County denied Dashawn Romale Thompson’s motion to suppress certain evidence obtained as a result of a search warrant, he pleaded guilty to two counts of possession of a controlled substance with intent to distribute. Nine months after pleading guilty, Thompson filed a motion to vacate and set aside his convictions and sentences.[1] The *1101 circuit court denied the motion, leading to this appeal by Thompson wherein he alleges that the circuit court erred in denying his motion because the search warrant was invalid and his trial counsel was ineffective for failing to properly investigate the circumstances surrounding his arrest and for failing to appeal the circuit court’s denial of his motion to suppress.
¶ 2. Finding no reversible error, we affirm.
FACTS
¶ 3. The evidence against Thompson was obtained pursuant to a search warrant filed by Agent Brian Sullivan of the Mississippi Bureau of Narcotics (MBN). In his affidavit attached to the search warrant, Agent Sullivan averred that a confidential source had informed officers that an individual known as “Wood” was selling cocaine and marijuana in his home in Gulf-port, Mississippi. Thereafter, on June 2, 2006, the source placed a recorded telephone call to Wood, wherein Wood advised the source that he could come to Wood’s house to purchase cocaine. Later the same day, the source went to Wood’s residence and purchased four hundred dollars’ worth of cocaine. The source also told officers that he saw several handguns at Wood’s home. Finally, the affidavit stated that Agent Sullivan had received information indicating that Wood was actually Thompson.
¶ 4. After a search warrant was issued, MBN agents searched Thompson’s home and found more than two pounds of marijuana, more than an ounce of cocaine, and firearms. On September 4, 2007, Thompson was indicted for possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. The same indictment charged Thompson with possession, receipt, acquisition, or disposal of a stolen firearm. On October 5, 2007, Thompson filed a motion to suppress the evidence seized during the search of his home, asserting that the search warrant contained an invalid description of his house. After the court denied Thompson’s motion to suppress, Thompson entered into a plea agreement negotiated by his attorney. Pursuant to the agreement, Thompson entered a guilty plea to the possession charges and the gun charge was passed to the files.
¶5. Approximately nine months after entering his guilty pleas, Thompson filed a motion to vacate his convictions and sentences, alleging: (1) that his Fourth Amendment rights were violated when law enforcement officials entered his home without an arrest warrant, and (2) that his Sixth Amendment rights were violated as a result of his trial attorney’s ineffectiveness. He specifically alleged that his trial attorney was ineffective for failing to investigate Thompson’s arrest and for failing to appeal the decision of the circuit court denying his motion to suppress.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. “In reviewing a trial court’s decision to deny a petition for post[-]conviction relief this Court will not reverse such a denial absent a finding that the trial court’s decision was clearly erroneous.” Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999) (citing State v. Tokman, 564 So.2d 1339, 1341 (Miss.1990)). However, questions of law are reviewed de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

*1102
1. Invalidity of the Search Warrant

¶ 7. Thompson’s guilty plea waived the right to complain on appeal about the validity of the search warrant and the circuit court’s ruling regarding same, as there is no right of appeal from a valid guilty plea. Miss.Code Ann. § 99-35-101 (Supp.2009). Further, Thompson’s argument that the search warrant was invalid is tantamount to asserting that the State lacked sufficient credible evidence of his guilt because the evidence of his guilt was inadmissible. He waived this argument when he pleaded guilty. Had he wanted to contest the court’s ruling on the validity of the search warrant, he should have pleaded not guilty. In his petition to enter a plea of guilty, he was specifically advised that if he pleaded not guilty, the Constitution guarantees the right of appeal if he was convicted. He initialed the specific place in the petition where this information was provided, yet he pleaded guilty. We find no merit to this issue.

2. Ineffective Assistance of Counsel

¶ 8. Thompson asserts two separate issues regarding his counsel’s effectiveness. Specifically, he raises his counsel’s failure to investigate his arrest and his counsel’s failure to file an interlocutory appeal of the trial court’s decision denying the motion to suppress.
¶ 9. We were not presented on appeal with a transcript of the plea qualification hearing. However, in his order denying Thompson’s motion, the circuit court noted that “Thompson specifically stated at the plea hearing that he was satisfied his counsel has taken enough time to acquaint himself with the facts of his case. Additionally, in his petition to enter a guilty plea, Thompson stated he was satisfied with the advice and help given him by his counsel.” In fact, Thompson stated in the petition that he was “very satisfied” with the representation that his attorney had given him and that he believed that his attorney “has done all that anyone could do to counsel and assist him.”
¶ 10. In evaluating a claim of ineffective assistance of counsel, the United States Supreme Court adopted a two-pronged standard in Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requiring first a showing that the counsel’s representation fell below an objective standard of reasonableness and second that there is a reasonable probability that, but for the counsel’s errors, the result of the proceeding would have been different. Our supreme court adopted the Strickland standard in Stringer v. State, 454 So.2d 468 (Miss.1984).
¶ 11. In its order denying Thompson’s motion, the circuit court found that Thompson gave no indication at the guilty plea hearing that he was dissatisfied with the services of his lawyer and swore in his petition to enter a guilty plea that he was satisfied with the services of his lawyer. It is difficult to understand how Thompson could have been satisfied with the services of his lawyer if he had requested that his lawyer appeal the circuit court’s order denying his motion to suppress evidence that he believed was illegally seized. In the motion that he filed in the circuit court, Thompson did not attach any affidavits asserting that his attorney refused to file an appeal of the court’s order denying his motion to suppress. In fact, he does not even claim that he made such a request of his attorney. The circuit court and this Court are entitled to credit the sworn testimony given by Thompson in his petition to plead guilty and in the plea qualification hearing over his belated accusation that his attorney was ineffective. Therefore, we find no merit to Thompson’s allegation that his trial attorney was ineffective.
*1103 ¶ 12. Finding no error, this Court affirms the judgment of the Circuit Court of Harrison County.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. The circuit court observed that Thompson's motion appeared to be a motion for post- *1101 conviction relief. Apparently, the circuit court treated it as such, as the court would have been without jurisdiction otherwise. This is so because the term of court in which Thompson was convicted had long since ended.