GRIFFIS, P.J., for the Court:
¶ 1. Carlos Carter appeals the trial court’s dismissal of his motion for post-conviction collateral relief (“PCCR”). We find that Carter’s motion was procedurally barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp.2012). Accordingly, we affirm.
FACTS
¶2. On October 16, 2009, Carter was indicted as a habitual offender for possession of stolen property, under Mississippi Code Annotated sections 97-17-70 (Supp. 2012) and 99-19-81 (Rev.2007). Police found Carter in possession of a vehicle that had been stolen from a car lot. On August 6, 2010, Carter was indicted for identity theft, under Mississippi Code Annotated section 97-45-19 (Rev.2006), and two counts of false representation as to another person’s credit-card number (Counts 2 and 3), under Mississippi Code Annotated section 97-19-31 (Rev.2006). Carter had stolen a eoworker’s credit cards and purchased several items with the cards. The second indictment was amended on February 16, 2011, to change the date of the identity theft from the day the victim reported the cards missing (“about the 27th”) to the date surveillance videos showed Carter purchasing items with the victim’s credit cards (“before the 9th”), as well as to include the word “number” after “credit card” in Counts 2 and 3.
¶ 3. On February 16, 2011, Carter pled guilty to possession of stolen property by a habitual offender and identity theft. In exchange for his guilty pleas, the State agreed that the second indictment would not be amended to include habitual-offender status, and Counts 2 and 3 would be retired to the files. Carter’s plea was accepted. Carter was sentenced to serve ten years, without the eligibility for parole, for the possession of stolen property as a habitual offender and a consecutive term of fifteen years, with thirteen suspended, for identity theft.
¶ 4. On June 24, 2011, Carter filed his motion and asserted: (1) ineffective assistance of counsel, and (2) that the indictment was improperly amended to include habitual-offender status. The circuit judge entered an order that dismissed the motion on August 26, 2011.
¶ 5. On January 30, 2012, Carter filed a second motion and asserted that: (1) the court did not have proper jurisdiction, because the warrants and affidavits were not signed by a judge; (2) allowing the State to insert the word “number” into the indictment after “credit card” changed its *645 substance; and (3) the judge erred in dismissing his prior motion on the ground of ineffective assistance of counsel. The circuit judge dismissed the second motion on February 29, 2012. It is from this judgment that Carter now appeals.
STANDARD OF REVIEW
¶ 6. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the trial court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (f 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS
¶ 7. The circuit court properly dismissed Carter’s motion as a successive writ. Mississippi Code Annotated section 99-39-23(6) bars successive motions made under the Mississippi Uniform Post-Conviction Collateral Relief Act.[1] The statute states “any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.”
¶ 8. Carter’s first motion was filed on June 24, 2011, and was decided on August 26, 2011. The motion before the Court now was filed on January 30, 2012. Therefore, Carter’s motion is procedurally barred.
¶ 9. Notwithstanding the procedural bar, we will address the merits of his claims. However, we note that Carter has raised seven issues on appeal. He failed to raise all of these issues before the trial court. Mississippi Code Annotated section 99-39-21 (Rev.2007) states:
Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
As a result, Carter is once again procedurally barred from appellate review of all issues he failed to raise in the trial court. We will limit our discussion to only the claims that were asserted before the trial court.

I. Deficiencies in the Arrest Warrant and Affidavit Were Waived

¶ 10. Carter claims that the arrest warrant and affidavit were not properly signed and sealed. In his plea colloquy, the court advised Carter that he would waive certain constitutional challenges upon entering a valid guilty plea. The challenges waived include many deficiencies in a warrant, which could have been asserted had the defendant pleaded not guilty. Thompson v. State, 23 So.3d 1100, 1102 (¶ 7) (Miss.Ct.App.2009). In Thompson, we explained that a defendant’s argument that the arrest warrant was deficient was “tantamount to asserting that the State lacked sufficient credible evidence of his guilt because the evidence of his guilt was inadmissible.” Id.
*646 ¶ 11. Carter admitted in open court to the allegations contained in his arrest warrant and the victim’s affidavit when he entered his guilty plea. As a result, he waived any claims that the arrest warrant and affidavit were not properly signed and sealed. “A voluntary and intelligent plea waives all defects allegedly occurring before the defendant enters the plea with the exception of subject matter jurisdiction.” Matthews v. State, 761 So.2d 981, 934 (¶12) (Miss.Ct.App.2000). As a result, we find no error as to this issue.

II. The Indictment Was Not Substantively Changed

¶ 12. Next, Carter’s claim that the indictment was flawed based upon the addition by the prosecution of the word “number” after “credit card” in Counts 2 and 3 of his 2010 indictment is also inadequate as a basis for reversal.[2] To prevail, Carter must show the amendments to the indictment would have affected the defense he would have presented at trial. See Brown, v. State, 772 So.2d 411, 413 (¶ 9) (Miss.Ct.App.2000). In other words, the amendment must materially alter “the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood as to prejudice the defendant’s case” in order for this Court to grant relief. Nathan v. State, 552 So.2d 99, 107 (Miss.1989) (quoting Ellis v. State, 469 So.2d 1256, 1258 (Miss.1985)).
¶ 13. Identity theft is clearly defined in Mississippi Code Annotated section 97-45-19 as a person’s attempt or action of obtaining “personal identity information of another person with the intent to unlawfully use that information for any of the following purposes without that person’s authorization: (a) [t]o obtain financial credit[;] (b) [t]o purchase or otherwise obtain or lease any real or personal property[;] ... (e) [t]o commit any illegal act.” “Personal identity information” explicitly includes a “financial transaction device account number”; such a device includes an electronic-funds-transfer card, a credit card, and a debit card. Miss.Code Ann. § 97-45-1(o), (s) (Rev.2009).
¶ 14. Based upon the plain language of the statute, Carter’s defense at trial would not have been affected by amending the form of the indictment to read “credit card number.” The relevant statutes for identity theft clearly show the offense includes fraudulently, willfully, and feloniously using another person’s credit-card number, not just another’s credit card, to unlawfully purchase retail items. Therefore, the facts charged were not materially altered as to change the substance of his indictment. We find no error as to this issue.
CONCLUSION
¶ 15. Finding Carter’s PCCR motion to be procedurally barred as a successive writ and no further merit to his claims, we affirm the decision of the circuit court to dismiss Carter’s motion.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR AND JAMES, *647 JJ., CONCUR. ROBERTS AND MAXWELL, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. There are exceptions to this procedural bar; however. Carter failed to address any issues in his argument that would be an exception to the procedural bar. Also, we find no exception that is applicable to his case.

. It should be noted the record shows Carter’s plea agreement allowed Counts 2 and 3 to be retired to the files, so any change in the wording of these claims does not warrant relief from his sentence.