# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00363-COA

**PERCY HAWTHORNE A/K/A PERCY ALLEN HAWTHORNE**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/2014 |
| TRIAL JUDGE: | HON. JOHN C. GARGIULO |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PERCY HAWTHORNE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY:  LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 08/11/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND FAIR, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Percy Hawthorne, appearing pro se, appeals the Harrison County Circuit Court's denial of his motion for post-conviction relief (PCR).  We find no error and affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     In April 2011, a Harrison County Circuit Court issued a four-count indictment against Hawthorne for possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and two counts of a felon in possession of a firearm, all as a habitual offender under Mississippi Code Annotated section 99-19-81 (Supp. 2014).  The State also

sought an enhanced sentence on the drug charges – as a subsequent drug offender under Mississippi Code Annotated section 41-29-147 (Rev. 2013). Hawthorne entered an open plea of guilty for all four counts. The trial court sentenced him to thirty years for each of Counts 1 and 2, and ten years for each of Counts 3 and 4, to run concurrently, for a total of thirty years to serve in the custody of the Mississippi Department of Corrections, as a habitual offender without the eligibility for parole.

¶3.　In January 2014, Hawthorne filed a motion for post-conviction relief (PCR), claiming his indictment was defective because it failed to state an amount of cocaine, and law enforcement lacked probable cause to enter his home and seize the drugs and weapons at issue. In February 2014, the trial court denied the PCR motion. Hawthorne duly appealed, and in March 2014 immediately filed a pro se brief with this Court, making the same arguments as he did in his PCR motion before the trial court. In October 2014, he filed another brief with this Court raising the same issues, as well as constitutional violations related to a speedy trial, the right to confront the State's witnesses, and ineffective assistance of counsel. We shall address each issue in turn.

## STANDARD OF REVIEW

¶4.　When reviewing the denial of a PCR motion, this Court will not disturb the trial court's factual findings unless they are clearly erroneous. Questions of law are reviewed de novo. *Moore v. State*, 986 So. 2d 928, 932 (¶13) (Miss. 2008).

## ANALYSIS

### 1. Indictment

¶5. Hawthorne claims that Count 1 of his indictment was defective because it did not have the quantity of cocaine he allegedly possessed and intended to distribute, and this information is an essential element of the offense that must be included in the indictment.

¶6. "The purpose of the indictment is to provide the accused reasonable notice of the charges against him so that he may prepare an adequate defense." *Brawner v. State*, 947 So. 2d 254, 265 (¶31) (Miss. 2006) (citing *Brown v. State*, 890 So. 2d 901, 918 (¶61) (Miss. 2004)). This Court has repeatedly held:

> Under Mississippi law, "the penalty for the sale of cocaine . . . is the same regardless of the quantity sold." Therefore, "the amount of cocaine sold is . . . not an essential element of the crime." As such, an indictment is not defective for failing to list a quantity of cocaine in the context of a sale of cocaine charge. In fact, Mississippi law is clear that a quantity or amount of cocaine is not required to be listed in the indictment for a charge of sale of cocaine.

*Fair v. State*, 93 So. 3d 56, 58 (¶7) (Miss. Ct. App. 2012) (internal citations omitted).

¶7. Here, Hawthorne's indictment charged him with "knowingly, wilfully, unlawfully, and feloniously possess[ing] cocaine, a Schedule II Controlled Substance, with the intent to transfer or distribute said controlled substance . . . ." While there was no quantity of cocaine listed in the indictment, there is no requirement in Mississippi that it be listed. Further, Hawthorne was given adequate notice of the charge so he could prepare an adequate defense. Therefore, the indictment is not defective.

### 2. Probable Cause

3

¶8. Hawthorne maintains that law enforcement officers entered Hawthorne's house, without probable cause, and illegally seized drugs and weapons without a warrant in violation of his Fourth Amendment rights. He thus claims the drugs and weapons should have been suppressed.

¶9. "A voluntary and intelligent plea waives all defects allegedly occurring before the defendant enters the plea with the exception of subject matter jurisdiction." *Carter v. State*, 117 So. 3d 643, 646 (¶11) (Miss. Ct. App. 2013) (quoting *Matthews v. State*, 761 So. 2d 931, 934 (¶12) (Miss. Ct. App. 2000)). The sentencing order of April 2012 states that Hawthorne filed "a petition to enter a plea of guilty in which he was advised of his legal and constitutional rights . . . and was advised of the consequences of such a plea." He entered the plea after he was "fully advised of his legal rights and questioned under oath" by the trial court "concerning his understanding of the proceedings including his rights" under the state and federal constitutions. The trial court was satisfied by the proof and Hawthorne's answers, finding he "knowingly and voluntarily waived his constitutional rights to trial" and that his guilty plea "was freely, knowingly and voluntarily made." We find no error with the trial court's accepting Hawthorne's guilty plea, which waived any alleged Fourth Amendment violation.

### 3. Other Constitutional Claims

¶10. Finally, Hawthorne also alleges in his brief before this Court that he received ineffective assistance of counsel, and was denied a speedy trial as well as the right to

confront and cross-examine the State's witnesses. A defendant who fails to raise an issue in his PCR motion before the trial court may not raise the issue for the first time on appeal. *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009) (citing *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1988)). Moreover, it is well established that a valid guilty plea would also waive certain constitutional rights, including "the privilege against self-incrimination, the right to confront and cross-examine the State's witnesses, the right to a jury trial, and the right to have the State prove each element of the offense beyond a reasonable doubt." *Joiner v. State*, 61 So. 3d 156, 158 (¶7) (Miss. 2011) (citing *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)).

¶11. Hawthorne did not raise these claims before the trial court; thus, they are precluded from our review. Further, his valid guilty plea waives these claims.

¶12. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**