# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00403-COA

**JOHN PATRICK JACKSON A/K/A JOHN JACKSON A/K/A JOHN P. JACKSON**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

DATE OF JUDGMENT:            02/11/2015
TRIAL JUDGE:                HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:  FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     WILLIAM L. DUCKER
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: LISA L. BLOUNT
NATURE OF THE CASE:         CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:    MOTION FOR POSTCONVICTION RELIEF
                            DENIED
DISPOSITION:                AFFIRMED - 06/07/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., CARLTON, FAIR AND JAMES, JJ.

### JAMES, J., FOR THE COURT:

¶1.    John Patrick Jackson appeals from the circuit court's denial of his motion for postconviction relief (PCR). Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.    On April 1, 2009, in cause number 09-112, Jackson waived indictment and, by criminal information, pled guilty to the possession of a controlled substance, cocaine, with intent to distribute in violation of Mississippi Code Annotated section 41-29-139(a) (Supp. 2015), with the charge being enhanced under Mississippi Code Annotated section 41-29-152

(Rev. 2013) for possession of a firearm. The circuit court accepted the prosecution's recommendation pursuant to a plea agreement, and sentenced Jackson to forty-five years in the custody of the Mississippi Department of Corrections (MDOC), with twenty-three years to serve, twenty-two years suspended, and five years of post-release supervision, with the sentence to run concurrently with the sentence imposed in separate cause number 09-113.

¶3.    On April 1, 2009, in cause number 09-113, Jackson waived indictment and, by criminal information, pled guilty to the sale of a controlled substance, cocaine, in violation of section 41-29-139(a). In cause number 09-113, the circuit court accepted the prosecution's recommendation pursuant to a plea agreement, and sentenced Jackson to twenty-three years in the custody of MDOC.

¶4.    On March 9, 2012, Jackson (pro se) filed a PCR motion arguing that his guilty plea was involuntary and that he had received ineffective assistance of counsel. Jackson claimed that his plea was involuntary because his trial attorney, James K. Dukes, gave him erroneous information regarding his charges and his parole eligibility. Jackson alleged that Dukes informed him that if he pled guilty, he would be eligible for parole. However, due to the firearm enhancement, Jackson was actually ineligible for parole. Jackson claimed that he would not have pled guilty had he known that he would be ineligible for parole.

¶5.    On March 28, 2013, the circuit court summarily dismissed Jackson's PCR motion without an evidentiary hearing. Jackson appealed from this order. *Jackson v. State*, 178 So. 3d 807, 809 (¶7) (Miss. Ct. App. 2014). On appeal, this Court held that Jackson had met the evidentiary burden required to obtain an evidentiary hearing, and remanded the case to the

2

circuit court for an evidentiary hearing. *Id.* at 812 (¶¶22-23).

¶6. On January 15, 2015, the circuit court held an evidentiary hearing on Jackson's PCR motion. Jackson was represented by new counsel. Jackson and his wife testified at the hearing. Jackson's trial attorney, Dukes, also testified.

¶7. Jackson testified that prior to entering his guilty plea, Dukes told him that the firearm enhancement would double his sentence, but that he would be eligible for parole. Jackson's wife also testified that immediately prior to the plea hearing, Dukes told Jackson that he would be eligible for parole. Jackson testified that he first found out he was not eligible for parole – under Mississippi Code Annotated section 47-7-3 (Rev. 2015) – due to the firearm enhancement when he was being processed and classified by MDOC. In stark contrast, Dukes testified that he told Jackson that he would not be eligible for parole. Dukes testified that he explained to Jackson that at the time of his guilty plea, his sentence would be without the possibility of parole. Furthermore, Dukes testified that Jackson understood that he would not be eligible for parole.

¶8. After the circuit court heard testimony, received ten exhibits, and heard arguments of counsel, it denied Jackson's PCR motion. The circuit court determined that Jackson's proof did not rise to the standard necessary for granting PCR. The circuit court specifically found that Jackson and his wife lacked credibility. However, the circuit court found Dukes's testimony to be credible. On February 17, 2015, the circuit court entered an order denying Jackson's PCR motion.

¶9. Jackson appeals raising three issues: (1) whether he was fully informed of the charges

in the criminal informations filed against him; (2) whether he was informed that his charges excluded the possibility of parole; and (3) whether he was denied effective assistance of counsel.

## STANDARD OF REVIEW

¶10.    The Mississippi Supreme Court has provided the standard of review following an evidentiary hearing conducted by the circuit court in a PCR case:

> When reviewing a [circuit] court's decision to deny a motion for [PCR, the appellate court] will not disturb the trial court's factual findings unless they are found to be clearly erroneous.  In making that determination, [the appellate court] must examine the entire record and accept that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the [circuit] court's finding of fact.  That includes deference to the circuit judge as the sole authority for determining credibility of the witnesses.

*Goodin v. State*, 102 So. 3d 1102, 1111 (¶30) (Miss. 2012) (internal citations and quotations omitted).

¶11.    However, questions of law are reviewed de novo.  *Id.*  At the evidentiary hearing, the PCR movant has the burden of "prov[ing] by a preponderance of the evidence that he is entitled to the relief."  *Id.* (quoting Miss. Code Ann. § 99-39-23(7) (Rev. 2015)).

## DISCUSSION

I.      **Whether Jackson was fully informed of the charges in the criminal informations filed against him.**

¶12.    Jackson argues that he was not fully informed of the charges in the criminal informations filed against him.  Jackson claims that each criminal information was insufficient because the amount of cocaine was not specified.

¶13.   On April 1, 2009, Jackson filed a sworn petition to enter a guilty plea in both cause numbers pursuant to a plea agreement reached with the prosecution.  In cause number 09-112, Jackson pled guilty to possession of a controlled substance, cocaine, with intent to distribute, with the firearm enhancement.  Although the amount of cocaine was not listed in the criminal information, there is no requirement that the quantity of cocaine be listed.  *See Hawthorne v. State*, 174 So. 3d 306, 308 (¶7) (Miss. Ct. App. 2015) (holding that while there was no quantity of cocaine listed in the indictment charging the defendant with possession of a controlled substance with intent to distribute, there is no requirement that it be listed).

¶14.   In cause number 09-113, Jackson pled guilty to the sale of a controlled substance, cocaine.  "[A]n indictment is not defective for failing to list a quantity of cocaine in the context of a sale of cocaine charge.  In fact, Mississippi law is clear that a quantity or amount of cocaine is not required to be listed in the indictment for a charge of sale of cocaine."  *Id*. at (¶6).  Accordingly, we find that the criminal informations were not fatally defective.

¶15.   Jackson also claims he was sentenced for drug trafficking under section 41-29-139(g).  Presumably, Jackson argues that he was sentenced under this subsection because any sentence imposed thereunder provides that the defendant shall not be eligible for probation or parole.  *See* Miss. Code Ann. § 41-29-139(g).

¶16.   Jackson is mistaken.  He was not charged, convicted, or sentenced for drug trafficking under section 41-29-139(g).  Jackson is not eligible for parole because he pled guilty to possession of a controlled substance, cocaine, with intent to distribute in violation of section 41-29-139(a), with a firearm enhancement under section 41-29-152.  "Mississippi Code

Annotated section 47-7-3(1)(f) [(Rev. 2015)] prohibits prisoners convicted of a felony with enhanced penalties from receiving parole." *Lackaye v. State*, 166 So. 3d 560, 562 (¶6) (Miss. Ct. App. 2015). Jackson's argument is without merit.

**II.     Whether Jackson was informed that his charges excluded the possibility of parole.**

¶17.   Jackson argues that he was erroneously informed by his trial attorney that he would be eligible for parole. On remand, the circuit court conducted an evidentiary hearing on this very issue.

¶18.   At the evidentiary hearing, Dukes gave the following detailed testimony regarding his discussions with Jackson:

> Q:     And while you were explaining the terms of this [plea] agreement, did you have an opportunity to discuss the possibility of parole with him?
>
> A:     That was asked by him, and it was explained very specifically that he would not have the opportunity for parole, that he would be serving 23, I think it was, years of his sentence, and that under the law as it was presently written, he would not be eligible. He was advised that the legislature could conceivabl[y] change the law or that [MDOC] could change its regulations, but I had no way of knowing that nor did he. So at the time he pled, it was without the possibility of parole.
>
> . . . .
>
> Q:     And each time you told him that he would not be eligible for parole as the law stood at that time; is that correct?
>
> A:     I not only told him that, but he understood that but was relieved to know that it would eliminate any charges from Lamar County or the federal government.

¶19.   The circuit court found Dukes's testimony given at the evidentiary hearing to be credible. The circuit court found that Dukes had informed Jackson that by entering his guilty

plea he would not be eligible for parole. Although Jackson and his wife testified that Dukes told him that he would be eligible for parole, the circuit court found that he and his wife lacked credibility. "[T]he [circuit] judge, sitting as the trier of fact, is tasked with resolving all credibility issues that arise in a PCR hearing." *Sharp v. State*, 152 So. 3d 1212, 1214 (¶10) (Miss. Ct. App. 2014). After reviewing the record, we find that the circuit court's assessments of credibility as the trier of fact were not clearly erroneous.

### III. Whether Jackson was denied effective assistance of counsel.

¶20. Jackson argues that he received ineffective assistance of counsel because his attorney did not fully inform him of the charges against him, and that his attorney erroneously informed him that he would be eligible for parole. Because we find that Jackson's first two assignments of error are without merit, it follows that his ineffective-assistance-of-counsel claim must also fail.

¶21. **THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**