# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00142-COA

**ROBERT J. DEVER A/K/A ROBERT JORDAN DEVER A/K/A ROBERT DEVER A/K/A ROBERT DENVER**   APPELLANT

v.

**STATE OF MISSISSIPPI**   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/08/2016 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | ROBERT J. DEVER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 02/07/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. Robert Dever pled guilty to two counts of exploitation of a minor after sending child pornography to a police officer who had answered Dever's bathroom-wall solicitations seeking to collaborate with other pedophiles.[1] Before us on appeal is Dever's second motion

---

[1] Dever repeatedly identified himself as a pedophile – the message was left on the wall of a bathroom at a softball field and stated "pedophile looking for pedo-dads, uncles, and grandads to share kids five to twelve," Dever's e-mail address contained the word "pedophile," and he identified himself to undercover officers as a "proud pedophile."

for post-conviction relief, where he contends, among other things, that his sentences have been rendered illegal by an intervening decision of the United States Supreme Court and that the statute under which he was convicted is defective. We find no merit to these contentions and thus conclude that Dever's motion is barred as a successive writ. We affirm the circuit court's dismissal of the PCR motion.

## STANDARD OF REVIEW

¶2. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶3. Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

## DISCUSSION

¶4. At the outset, we note that this is Dever's second motion for post-conviction relief. A second PCR motion is ordinarily barred as a successive writ. *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2015). There are certain exceptions outlined in the statute, such as intervening decisions of the Supreme Courts of Mississippi or the United States, newly discovered evidence, claims that the sentence has expired or probation or parole unlawfully

2

revoked, and certain DNA-related claims. *Id.* Dever bears the burden of showing one of these exceptions applies. *Jackson v. State*, 860 So. 2d 653, 661 (¶16) (Miss. 2003).

¶5. The Mississippi Supreme Court has also held that errors affecting fundamental constitutional rights are excepted from procedural bars. *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar. *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. App. Ct. 2010). "There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived." *Id.*

### 1. Intervening Decision

¶6. Dever was sentenced to thirty years' incarceration for each count of exploitation of a child, to be served day-for-day, with the sentences to run concurrently to each other. In his first two issues, Dever contends that the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is an intervening decision which would have actually adversely affected the outcome of his sentences. *See* Miss. Code Ann. § 99-39-23(6). An intervening decision is one that "create[s] new intervening rules, rights, or claims that did not exist at the time of the prisoner's conviction." *Patterson v. State*, 594 So. 2d 606, 608 (Miss. 1992).

¶7. In *Johnson*, the Supreme Court concluded that the "residual clause" of the Armed Career Criminal Act of 1984 was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. The statute provided for enhanced penalties for violators with three or more prior convictions for

3

"serious drug offenses" or "violent felonies." *Id.* The residual clause added to the definition of violent felony one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B) (2012). The Supreme Court found that this particular definition of a violent felony was unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557.

¶8.     Dever's sentences were not enhanced under the residual clause of the Armed Career Criminal Act of 1984. His complaint seems to be founded, instead, on a statement in his presentence investigation report characterizing his offenses as "crimes of violence."[2] At the time of Dever's offense Mississippi Code Annotated section 47-7-3(1)(f) (Rev. 2011) provided that only "nonviolent" offenders would be eligible for parole. But that statute expressly specified that sex crimes were excluded from the definition of nonviolent crimes. The present scheme produces the same result; Mississippi Code Annotated section 97-3-2(1)(r) (Rev. 2014) expressly enumerates exploitation of a child under section 97-5-33 (Rev. 2014) as a crime of violence.

¶9.     Contrary to Dever's claims, the United States Supreme Court in *Johnson* expressly held that its decision did *not* call into question the validity of sentencing enhancements to crimes of violence in general, only those offenses defined as violent crimes by the residual clause of the Armed Career Criminal Act of 1984. *Johnson*, 135 S. Ct. at 2563 ("Today's

_____

[2] The presentence investigation report is not found in the record, but Dever's attorney observed that it "refers to [exploitation of a child] as a violent crime," which he said was "questionable, depending on how you're looking at it."

4

decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). The Mississippi statutory scheme is therefore not comparable to the residual clause found to be unconstitutionally vague in *Johnson*, and so *Johnson* has no application here.

¶10. Moreover, at the time of Dever's offenses, there was a statutory requirement that sentences for sex crimes be served day-for-day, independent of their classification as violent or nonviolent. *See* Miss. Code Ann. § 47-7-3(1)(b) (Rev. 2011). Dever would receive no relief from his sentences even if his offenses were not classified as crimes of violence.

¶11. *Johnson* is not an intervening decision that would have would have actually adversely affected the outcome of Dever's conviction or sentence. The circuit court properly found this issue to be barred as a successive writ and without merit.

### 2. Sufficiency of the Indictment

¶12. Dever contends that his indictment failed to charge him with a crime. Such claims implicate a fundamental constitutional right and, if meritorious, would be excepted from the procedural bar. *See Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989).

¶13. Dever bases this novel claim on the fact that the words "exploitation of a child" do not appear in section 97-5-33, which defines the offenses commonly known as exploitation of a child.

¶14. Each count of Dever's indictment alleged in relevant part that he "did wilfully, unlawfully and feloniously possess visual depictions of actual children, under the age of

eighteen years, engaging in sexually explicit conduct." The indictment clearly alleged violations of section 97-5-33(5). The indictment named the offense "exploitation of a child" and specified section 97-5-33(5). We note, also, that while section 97-5-33 gives no name for the offense, it is identified as "exploitation of a child" elsewhere in the code. *See* § 97-3-2(1)(r).

¶15. Dever points to no authority requiring a statute defining an offense to include the common name of the offense – or any name, for that matter; it is the conduct specified in the statute that constitutes the offense and determines the legal sufficiency of the charges, not the name to which it is referred. This contention is without merit.

### 3. Actual Innocence

¶16. Next, we address Dever's claim of actual innocence. Dever was convicted of two counts of exploitation of a child under section 97-5-33(5). Section 97-5-33(5) forbids the possession of, or knowing access with intent to view, "any visual depiction of an actual child engaging in sexually explicit conduct." Dever now claims that the images he possessed were animations or "virtual images" rather than depictions of actual children.

¶17. This claim is unsupported by any evidence in the record and directly contradicts Dever's own testimony at the guilty plea hearing, where he admitted to possession of images of "actual children." His claims to the contrary are procedurally barred and without merit.

### 4. Voluntariness of Plea

¶18. Finally, Dever contends that his plea was involuntary because the trial judge never

6

informed him that he would be subject to limitations on early release because his offense was a crime of violence under section 97-3-2. This claim fails on its face, as the mere fact that the trial judge failed to inform Dever of his parole ineligibility would not render the plea involuntary if Dever already knew from another source, such as his attorney. *See, e.g., Jackson v. State*, 192 So. 3d 1143, 1147 (¶19) (Miss. Ct. App. 2016). Also, because Dever was already required to serve his sentences day-for-day because they were for sex crimes, he would have suffered no prejudice had he not been informed that the offenses were also crimes of violence. *See* Miss. Code Ann. § 47-7-3(1)(b) (Rev. 2011).

¶19. Furthermore, regardless of their merits, challenges to the voluntariness of a guilty plea do not implicate a fundamental constitutional right. *See Smith v. State*, 118 So. 3d 180, 184 (¶12) (Miss. Ct. App. 2013). This claim is therefore barred as a successive writ.

¶20. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**