812 So.2d 1039 (2001)
Ramona Kay PAGE a/k/a Ramona Hawk a/k/a Ramona Taylor, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00950-COA.
Court of Appeals of Mississippi.
February 20, 2001.
*1040 Ramona Kay Page, pro se.
Office of the Attorney General by Dewitt T. Allred, III, Attorney for Appellee.
Before SOUTHWICK, P.J., IRVING, and PAYNE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Ramona Kay Page pled guilty to two counts of uttering a forgery. Her subsequent motion for post-conviction collateral relief was denied. On appeal, Page alleges that her guilty plea was involuntary, that her sentence was illegal, and that she received ineffective assistance of counsel. We find no merit to the assignments of error and affirm.

*1041 FACTS
¶ 2. Ramona Kay Page was indicted in Harrison County on five counts of uttering forgery. She pled guilty in March 1996 with her counsel present. Sentencing was postponed until May 10, 1996, pending a pre-sentencing investigation report. On that latter date Page appeared with counsel for sentencing. Page alleges that for reason that will be explained further below, counsel was allowed to withdraw his representation. She claims that the withdrawal occurred before she was sentenced. At the end of the hearing, Page received two thirteen year sentences as a habitual offender. On May 22, 1996, her attorney filed a motion for reconsideration, but it was later denied.
¶ 3. With the assistance of new counsel, Page filed a motion for post-conviction collateral relief on the grounds that she had ineffective assistance of counsel at sentencing. Harrison County Circuit Court Judge John H. Whitfield, who had presided at Page's sentencing hearing, denied her motion after an April 1999 hearing. Page appealed pro se from that order. Although her brief is essentially just a factual narrative, we take into consideration that this appeal is pro se and look beyond its deficiencies. One claim was based on the allegation that Page's attorney was allowed to withdraw prior to sentencing. The record was factually unclear.
¶ 4. On October 13, 2000 we entered an order seeking specific findings of fact on whether Page still had counsel at the time that her sentence was pronounced. The circuit court certified its answer on November 27, 2000. The court found that Page's counsel had not been allowed to withdraw prior to sentencing. We gave each party an opportunity to file supplemental briefs addressing any new issue raised by the findings, but neither found it necessary to do so.

DISCUSSION

I. Voluntariness of Guilty Pleas
¶ 5. In order for a guilty plea to be voluntary, the defendant must be "advised about the nature of the crime charged against him and the consequences of his guilty plea." Banana v. State, 635 So.2d 851, 854 (Miss.1994). When a defendant notifies the court of an intent to plead guilty, "it is the duty of the trial court to address the defendant personally and to inquire and determine ... [t]hat the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law...." URCCC 8.04.
¶ 6. The standard of competency necessary to enter a plea of guilty is the same as that for determining competency to stand trial. Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). The State must demonstrate that the defendant has a rational understanding of the charges against him and the ability to assist her lawyer in preparing a defense. Godinez, 509 U.S. at 396, 113 S.Ct. 2680.
¶ 7. Page argues that her guilty pleas were involuntary, based on her mental state at the hearing. First, she asserts that she was under the care of a psychiatrist at the time of her plea hearing but that she had failed to take her prescribed medication on the day of the hearing, resulting in a confused mental state. Second, she argues that her mental confusion was worsened by the fact that she had used crack cocaine two or three days before the hearing, and that the effects of the drug lingered in her system. She offers no support for these arguments other than her own affidavit attached to her PCR motion. The affidavit states that she had not taken her prescribed medication on the *1042 day of the hearing, but it does not mention the crack cocaine. The crack cocaine allegation first makes its appearance in her appellate brief. In his order, the trial judge partially based his denial of postconviction collateral relief on Page's failure to "offer any competent medical testimony to show any nexus between the presence or absence of medication and her mental state at the time of the plea."
¶ 8. We find no error in the trial judge's 1999 decision that insufficient evidence was submitted to justify a withdrawal of the plea as being incompetent when entered. She had counsel in March 1996 when she pled guilty, and nothing suggests the plea was involuntary or uninformed.
¶ 9. The 1999 order also rejected Page's argument that her counsel was ineffective at the sentencing hearing. The order did not address whether, at the time Page was sentenced, she was still represented by counsel. The pleadings and Page's testimony asserted that counsel withdrew before sentencing. The specific allegation was that Page's attorney, Michael Hester, had become frustrated with Page and had been allowed to withdraw as the sentencing hearing began. Two documents from Hester appear in the record. In one he alleges that he walked away from Page during sentencing, but does not allege that he withdrew as counsel. In the other Hester states that he withdrew "during sentencing," without stating that this occurred before sentence was pronounced.
¶ 10. To discern the basis for the trial court's denial of relief on this issue, we sought supplemental findings. The trial court complied, and based on the record and that judge's participation at the original sentencing hearing this was found: "It is the conclusion of this Court that the appellant's counsel was effective at the time of sentencing and there was no order allowing appellant's counsel to formally withdraw prior to sentencing." This is a question of fact. There is no dispute that the attorney was present at least at the beginning of the sentencing hearing. Based on the trial court's findings, we find both the existence and the effectiveness of counsel throughout sentencing.

II. Illegal Sentence
¶ 11. Page next argues that her sentence of two thirteen year terms was illegal as it constituted cruel and unusual punishment. Page was sentenced as a habitual offender. She could have been sentenced to "the maximum term of imprisonment prescribed for such felony." Miss. Code Ann. § 99-19-81 (Rev.2000). The maximum penalty for forgery is as follows: "imprisonment in the penitentiary for a term of not less than two (2) years nor more than fifteen (15) year[s]." Miss.Code Ann. § 97-21-33 (Rev.2000).
¶ 12. The general rule is that a sentence imposed will not be disturbed on appeal as long as it does not exceed the maximum term allowed by statute. Corley v. State, 536 So.2d 1314, 1319 (1988). The sentence here did not. We have no evidence that might support a claim of constitutional disproportionality. The sentence was valid.

III. Right to Appeal
¶ 13. Page asserts that her attorney failed to preserve her right to appeal when she pled guilty. Of course, a plea of guilty waives the right to appeal:
Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.
Miss.Code Ann. § 99-35-101 (Rev.2000). With a valid guilty plea, Page relinquished her right to a direct appeal. She retained a route of appeal and she has utilized ita *1043 motion for post-conviction collateral relief. Having found the plea itself valid, we find no invalidity because of the consequences that naturally flow from the plea, including the relinquishment of the right to appeal.
¶ 14. Page may also be arguing that her sentence alone should have been appealed by her original attorney. See Campbell v. State, 743 So.2d 1050, 1052 (Miss.Ct.App. 1999) (a direct appeal of a sentence is proper despite a guilty plea). We have already found the sentence to have been valid and a direct appeal as to it would have gained Page nothing.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF DENIAL OF POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.