CHANDLER, J.,
for the Court.
¶ 1. Ramona Page pleaded guilty to two counts of forgery and later sought post-conviction relief. Following this Court’s decision affirming the denial of post-conviction relief, Page filed successive motions *854 for post-conviction relief. The circuit court judge denied Page’s requests for relief. Page appeals, raising the following issue:
WHETHER THE CIRCUIT COURT WAS CORRECT IN DENYING POST-CONVICTION RELIEF
¶ 2. Finding no error, we affirm.
FACTS
¶ 8. In 1995, Ramona Kay Page was indicted for one count of credit card fraud, six counts of uttering a forgery, one count of possession of a controlled substance, and two counts of uttering forgery as a habitual offender. In 1996, Page entered a guilty plea to some, but not all, of the counts of uttering a forgery. She was ultimately sentenced to two counts of uttering a forgery as a habitual offender, and the remainder of the indictments were passed to the files. She was sentenced to two concurrent thirteen-year sentences as a habitual offender. Following her conviction and sentencing, Page sought post-conviction relief which was denied, appealed and affirmed by this Court in Page v. State, 812 So.2d 1039 (Miss.Ct.App.2001).
¶ 4. Following this Court’s denial of post-conviction relief, Page filed two separate motions in the Harrison County Circuit Court. The first motion was styled “Motion for Vacation of Sentence to Set Aside and Reconsider” and was filed on May 15, 2003. The second motion was styled “Motion for Mandatory [sic] to Be Lifted and Reviewed” and was filed on February 13, 2004. The circuit court judge considered both of those motions together. In her complaints, Page alleged that her sentence was illegal, that her guilty plea was involuntary, and that her attorney was ineffective. All these claims were raised and dismissed in her first motion for post-conviction relief. For this reason, the circuit court judge dismissed Page’s motions for post-conviction relief as successive-writ barred.
ANALYSIS
WHETHER THE CIRCUIT COURT WAS CORRECT IN DENYING POST-CONVICTION RELIEF
¶ 5. A court’s order denying post-conviction relief is a bar to a second or successive motion for post-conviction relief. Miss.Code Ann. § 99-39-23(6) (Supp.2004). Since this Court has already denied post-conviction relief to Page, Page’s successive motions for post-conviction relief are time-barred.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.