ISHEE, J.,
 

 for the Court.
 

 ¶ 1. On February 13, 2007, Patrick Fluker entered a guilty plea in the Circuit Court of Forrest County to a charge of armed robbery. The circuit court sentenced Fluker to serve a term of twenty years in the custody of the Mississippi Department of Corrections, with five years to serve and five years of post-release supervision. On June 26, 2007, Fluker filed a motion for reconsideration of his sentence. On July 29, 2008, he filed a motion for post-conviction relief in which he argued that: (1) he was not advised of the mandatory minimum sentence regarding his plea, and (2) he received ineffective assistance of counsel.
 

 ¶ 2. In an opinion and order filed on July 31, 2008, the circuit court addressed Fluker’s motions, treating the first motion as a motion for post-conviction relief and the second as a supplement to that motion. The circuit court dismissed Fluker’s claims, finding that: (1) Fluker was advised of the minimum sentence for armed robbery when he signed the guilty plea petition that stated the minimum sentence and when he stated in court that he understood the consequences of his pleading guilty, and (2) Fluker did not receive ineffective assistance of counsel because he was informed of the minimum sentence and could have stopped the plea hearing if he did not understand the charge and the consequences of pleading guilty.
 

 ¶ 3. On August 18, 2008, Fluker timely filed a notice of appeal following the dismissal of his motions. However, in his appeal, Fluker makes no argument in favor of the issues he presented in his motions to the circuit court. Instead, he asks how the State of Mississippi regards the United States Supreme Court case,
 
 Halbert v. Michigan,
 
 545 U.S. 605, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005). In his reply brief, Fluker attempts to clarify his argument and states that he requests the appointment of counsel and an evidentiary hearing. Fluker has attached to his appellate brief the circuit court order denying his motion for appointment of counsel, which was filed on December 10, 2008, almost four months after the court dismissed his motion for post-conviction relief.
 

 DISCUSSION
 

 ¶ 4. On appeal, Fluker has not argued either of the issues that he pre
 
 *183
 
 sented to the circuit court in his motion for post-conviction relief. Issues that are “unsupported and not argued are abandoned and need not be considered [on appeal].”
 
 Bannister v. State,
 
 731 So.2d 583, 588(¶ 20) (Miss.1999) (quoting
 
 Thibodeaux v. State,
 
 652 So.2d 153, 155 (Miss.1995)). Accordingly, Fluker has abandoned the two issues he presented in his motions to the circuit court, and we will not consider them on appeal.
 

 ¶ 5. As for the argument he makes on appeal, a defendant who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal.
 
 Gardner v. State,
 
 531 So.2d 805, 808-09 (Miss.1988) (citing
 
 Colburn v. State,
 
 431 So.2d 1111, 1114 (Miss.1983)).
 

 ¶ 6. Fluker’s argument is that under
 
 Halbert,
 
 545 U.S. at 610, 125 S.Ct. 2582, he must be appointed counsel because the appeal of the dismissal of his motion for post-conviction relief is essentially his first-tier appellate review as contemplated in
 
 Halbert.
 
 However, the present case is distinguishable from the situation presented in
 
 Halbert.
 
 In
 
 Halbert,
 
 the United States Supreme Court noted that a Michigan defendant who pleaded guilty did not forfeit all opportunity for appellate review; he could still file an application for leave to appeal.
 
 Id.
 
 at 617, 125 S.Ct. 2582. At the time that Fluker pleaded guilty to armed robbery, Mississippi Code Annotated section 99-35-101 (Rev.2000) provided, in part, that “an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.”
 
 [1]
 
 The Supreme Court, in
 
 Halbert,
 
 recognized that it was not necessary for states to provide such a right when it reiterated the fact that “[t]he Federal Constitution imposes on the States no obligation to provide appellate review of criminal convictions.”
 
 Halbert,
 
 545 U.S. at 610, 125 S.Ct. 2582 (citing
 
 McKane v. Durston,
 
 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867 (1894)).
 

 ¶ 7. Unlike the situation in
 
 Halbert,
 
 Fluker has presently mounted a collateral attack on his conviction via the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss.Code Ann. §§ 99-39-1 to -29. As this Court has previously stated, “[p]ost-conviction relief is not the same or a substitute for direct appeal.”
 
 Andrews v. State,
 
 932 So.2d 61, 62(¶ 3) (Miss.Ct.App.2006);
 
 see also Cole v. State,
 
 666 So.2d 767, 772-73 (Miss.1995). In
 
 Pennsylvania v. Finley,
 
 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), the United States Supreme Court once again refused to find that there existed a right to counsel for a prisoner who wished to mount a collateral attack upon his conviction.
 
 See also Johnson v. Avery,
 
 393 U.S. 483, 488, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). This ruling was undisturbed by the holding in
 
 Halbert.
 

 ¶ 8. Accordingly, we affirm the circuit court’s dismissal of Fluker’s motion for post-conviction relief. He has abandoned the issues that he raised in his motions before the circuit court by not arguing them on appeal. Furthermore, the issue that he now presents to this Court is barred from our review because it was not included in his motions before the circuit court, and it was not brought up until after he filed the present appeal. Even assuming that Fluker could not argue this issue until he was denied appellate
 
 *184
 
 counsel for his appeal, we find no merit to his argument.
 
 Halbert
 
 requires the appointment of appellate counsel for a first-tier appellate review of a guilty plea where an appeal is authorized by state law. It does not require the appointment of counsel for a prisoner who seeks post-conviction collateral relief, as is the issue in the present case. Fluker’s issue is procedurally barred and, alternatively, without merit.
 

 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 . In 2008, the language of this section was changed to provide, in part: "However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed." Miss.Code Ann. § 99-35-101 (Supp.2008).