LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. In November 1995, John Thomas Rainey Jr. pleaded guilty to aggravated assault on a law enforcement officer. The DeSoto County Circuit Court sentenced Rainey to twenty years, with sixteen years suspended and four years to serve in the custody of the Mississippi Department of Corrections (MDOC). Rainey was sentenced as a habitual offender, and his suspended sentence was conditioned upon his future good behavior. Rainey was released from custody in May 1999.
¶ 2. In May 2008, the State filed a petition to revoke Rainey’s suspended sentence. Rainey had been convicted of a felony and indicted on five additional felony charges. After a hearing, the trial court revoked Rainey’s suspended sentence and ordered him to serve the remaining sixteen years of his sentence.
¶ 3. In September 2012, Rainey filed a motion for post-conviction relief (PCR).[1] The trial court dismissed Rainey’s motion. Rainey now appeals, asserting the following: (1) the sentencing court failed to inform him of the conditions of his probation; and (2) he was denied the right to confrontation when receiving his sentence as a habitual offender. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 4. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s decision if it is clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
DISCUSSION
I. CONDITIONS OF PROBATION
¶ 5. In his first issue, Rainey argues the sentencing court failed to inform him of the conditions of his probation. During his plea colloquy, the trial court informed Rainey that a portion of his sentence would be suspended “pending [Rai-ney’s] future good behavior.” Rainey was informed that after being released from prison, he would be under the jurisdiction of the DeSoto County Circuit Court for the suspended portion of his sentence. The trial court further informed Rainey that “future criminal conduct” would violate the terms of his suspended sentence, thereby forcing him to serve the remainder of his sentence in prison.
¶ 6. The record is clear that Rainey was informed his suspended sentence could be revoked if he were to engage in any criminal conduct. Rainey engaged in criminal conduct; thus, his suspended sentence was revoked. We find no error by the trial court in ruling the revocation was legally imposed. This issue is without merit.
II. RIGHT TO CONFRONTATION
¶ 7. In his other issue on appeal, Rainey argues he was denied the right to confrontation when receiving his sentence as a habitual offender. Rainey contends *1087 the “author” of the penitentiary packets (pen packs) produced at the plea hearing to prove his habitual-offender status should have been present at the hearing. We first note that this issue was not raised before the trial court; thus, it is barred from our review. Fluker v. State, 17 So.3d 181, 183 (¶ 5) (Miss.Ct.App.2009). Regardless of the bar, this constitutional challenge has been rejected. In Frazier v. State, 907 So.2d 985, 998 (¶ 43) (Miss.Ct.App.2005), this Court held that Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), did not apply to self-authenticating documents such as pen packs admitted under Mississippi Rule of Evidence 902. This issue is without merit.
¶ 8. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. We note that the time-bar on filing motions for post-conviction relief does not apply to unlawful revocations. See Miss.Code Ann. § 99—39—5(2)(b) (Supp.2013).