LEE, C.J.,
for the Court:
¶ 1. Undre Kimmons is currently an inmate in the custody of the Mississippi Department of Corrections (MDOC), serving a sentence for cocaine possession under Mississippi Code Annotated section 41-29-139 (Rev.2013). Kimmons, who was represented by retained counsel, pleaded guilty, and the trial court sentenced him to serve sixteen years as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). Kimmons filed a motion for post-conviction relief (PCR), which was denied by the DeSoto County Circuit Court.
¶ 2. Kimmons now appeals, asserting that under the requirements of Bullcom *958 ing v. New Mexico, — U.S. -, 131 S.Ct. 2705, 180 L.Ed.2d 610 (2011), he was denied due process of law, in violation of the Fifth and Fourteenth Amendments of the United States Constitution, when he was denied the right to confront the witness who certified his records of prior conviction. Finding that Bullcoming is neither intervening nor applicable to this case, we affirm.
DISCUSSION
¶ 3. In his only issue on appeal, Kim-mons contends that he was denied due process of law when he was unable to confront the witness who certified his pri- or-conviction records, in violation of the Confrontation Clause of the Sixth Amendment of the United States Constitution. The State used certified copies of Kim-mons’s prior convictions to prove Kimmons was a habitual offender under section 99-19-81.
¶ 4. Kimmons relies on the United States Supreme Court’s decision in Bullcoming, which he asserts is an intervening decision that is identical to his case. Kimmons was indicted on October 6, 2011, and he entered his guilty plea on September 24, 2012. Bullcoming was decided on June 23, 2011, months before Kimmons was indicted, and well over a year before he entered his plea. Bullcoming is not intervening, and this argument is, therefore, barred. See Lockett v. State, 656 So.2d 76, 80-81 (Miss.1995).
¶ 5. In Bullcoming, the United States Supreme Court, relying on Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), held that the defendant had the right to confront the analyst who certified the blood-alcohol-analysis report, as this report was testimonial under the Confrontation Clause. Bullcoming, 131 S.Ct. at 2713. Unlike Bullcoming, this case does not involve testimonial records, as certified copies of prior convictions are admissible absent confrontation under Frazier v. State, 907 So.2d 985, 998 (¶ 43) (Miss.Ct.App.2005); see also Rainey v. State, 132 So.3d 1085, 1087 (¶ 7) (Miss.Ct.App.2014). This issue is without merit.
¶ 6. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
IRVING AND GRIFFIS, P. JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.