# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00986-COA

**ELLIOTT FREEMAN A/K/A ELLIOTT ANTHONY FREEMAN A/K/A ELLIOTT A. FREEMAN**  APPELLANT

v.

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2016 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELLIOTT FREEMAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | KAYLYN HAVRILLA MCCLINTON |
| NATURE OF THE CASE: | POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/30/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., FAIR AND WILSON, JJ.

### WILSON, J., FOR THE COURT:

¶1.	Elliott Freeman appeals from the summary dismissal of his second motion for post-conviction relief (PCR). Freeman pled guilty but now alleges that his indictment failed to charge the crime of burglary of a dwelling. Freeman's claim is barred because his motion is an impermissible successive PCR motion filed well beyond the three-year statute of limitations of the Uniform Post-Conviction Collateral Relief Act (UPCCRA). Moreover, even if Freeman's claim were not procedurally barred, it is wholly without merit. Freeman's appellate brief raises additional issues that were not presented to the circuit court; however, these issues are also procedurally barred and without merit. Therefore, we affirm.

FACTS

¶2.    In 2009, Freeman pled guilty as a habitual offender to conspiracy to commit burglary of a dwelling, burglary of a dwelling, and petit larceny.  In connection with Freeman's plea, the district attorney agreed to allow him to plead guilty as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015) rather than under section 99-19-83.  The court imposed consecutive sentences of five years for conspiracy and twenty-five years for burglary and a concurrent sentence of six months for petit larceny.

¶3.    In 2011, Freeman filed a PCR motion in the trial court.  The motion was denied, and Freeman's appeal was dismissed as untimely.  *Freeman v. State*, No. 2011-TS-00747-COA (Miss. Ct. App. July 26, 2011).

¶4.    In 2016, Freeman filed a second PCR motion in which he alleged that his indictment failed to charge a crime.  The circuit court reviewed Freeman's motion and determined that it was time-barred, an impermissible successive writ, and without merit.  Accordingly, the circuit court summarily dismissed the motion.  Freeman filed a timely notice of appeal.

## DISCUSSION

¶5.    On appeal, Freeman repeats his challenge to the sufficiency of the indictment.  He also raises new claims that his plea was not voluntary and that he received ineffective assistance of counsel, and he argues that his claims are not subject to the procedural bars of the UPCCRA.

¶6.    A movant "who fails to raise an issue in his [PCR] motion . . . before the trial court

2

may not raise that issue for the first time on appeal." *Fluker v. State*, 17 So. 3d 181, 183 (¶6) (Miss. Ct. App. 2009) (citing *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1988)). Therefore, Freeman's claims of ineffective assistance and an involuntary plea are procedurally barred on appeal.

¶7.     Those claims are also barred because this is Freeman's second PCR motion and because the motion is untimely. Miss. Code Ann. §§ 99-39-5(2) & -23(6) (Rev. 2015). "The [S]upreme [C]ourt has held that claims of ineffective assistance of counsel and involuntary guilty pleas are . . . subject to the procedural bars" of the UPCCRA. *Salter v. State*, 64 So. 3d 514, 518 (¶14) (Miss. Ct. App. 2010) (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)). Moreover, the circuit court engaged Freeman in a thorough colloquy before accepting his plea, the State presented a sufficient factual basis for the plea,[1] and Freeman stated under oath that he was satisfied with his lawyer's performance and had no complaints whatsoever about his representation. Put simply, there is no record evidence to support Freeman's claims of an involuntary plea and ineffective assistance.

¶8.     We assume for the sake of argument that Freeman's challenge to his indictment is not procedurally barred. *See Dever v. State*, 210 So. 3d 977, 981 (¶12) (Miss. Ct. App. 2017) (citing *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)). Freeman's argument focuses on his indictment for burglary (Count 2), which charged that on or about March 15, 2008,

---

[1] Freeman and his accomplice carjacked a man in Memphis and fled in the man's vehicle, a distinctive black truck with a single red door. They drove the truck to the dwelling that they burglarized in Walls in DeSoto County. Thereafter, the truck broke down in Horn Lake, and Freeman and his accomplice were later apprehended.

3

Freeman and his accomplice "did willfully, unlawfully and feloniously, break and enter the dwelling house of [the victim], with the intent to commit the crime of Larceny therein, in violation of Section 97-17-23, Mississippi Code." Freeman argues that this was insufficient to charge the crime of burglary because it failed to identify the specific property taken from the dwelling.

¶9.     This argument is without merit. To begin with, Count 3 of the indictment charging Freeman with petit larceny specifically identified the property taken from the dwelling. Thus, read as a whole, the indictment was more than sufficient to charge the crime of burglary and to give Freeman fair notice of all of the charges against him. *Martin v. State*, 65 So. 3d 882, 883-85 (¶¶6-9) (Miss. Ct. App. 2011).

¶10.     Moreover, there is no requirement that items of stolen property be specifically identified in an indictment for burglary of a dwelling with the intent to commit larceny therein. As the Mississippi Supreme Court has explained,

> The elements of burglary are (1) breaking and entering the dwelling house or inner door of such dwelling house of another (2) with the intent to commit *some crime* therein. The crime of burglary does not contain two separate and distinct "subcrimes." Rather, the *intent* to commit some crime, be it a felony or misdemeanor, is simply an element of the crime of burglary. The State is not obligated to prove that the accused actually committed the underlying offense of burglary. Only the intent need be proven to establish the second element of the crime of burglary.

*White v. State*, 195 So. 3d 765, 768-69 (¶11) (Miss. 2016) (internal citations, brackets, alterations, and quotation marks omitted). Thus, to convict Freeman of burglary, the State was not required to charge or prove that he *actually* carried away any property. It was only

4

required to charge and prove that he broke into and entered the dwelling *with the intent* to commit the crime of larceny. Therefore, Count 2 of the indictment was sufficient even without identifying the property taken. Clearly, it was sufficient given that Count 3 of the indictment did specifically identify the property. This issue is without merit.

¶11. For the foregoing reasons, we affirm the circuit court's summary dismissal of Freeman's successive, untimely PCR motion.

¶12. **THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**