# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01564-COA

**ELLIOTT ANTHONY FREEMAN A/K/A**                                      **APPELLANT**
**ELLIOTT FREEMAN**

**v.**

**STATE OF MISSISSIPPI**                                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/16/2018 |
| TRIAL JUDGE: | HON. CELESTE EMBREY WILSON |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELLIOTT ANTHONY FREEMAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KAYLYN HAVRILLA McCLINTON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/21/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., TINDELL AND McDONALD, JJ.

### TINDELL, J., FOR THE COURT:

¶1.     Elliott Freeman appeals from the DeSoto County Circuit Court's denial of his third motion for post-conviction collateral relief (PCR). Because Freeman's PCR motion is time-barred, successive-writ barred, and meritless, we affirm the circuit court's denial.

### FACTS

¶2.     On February 25, 2009, "Freeman pled guilty as a habitual offender to conspiracy to commit burglary of a dwelling [(Count I)], burglary of a dwelling [(Count II)], and petit larceny [(Count III)]." *Freeman v. State*, 220 So. 3d 1024, 1026 (¶2) (Miss. Ct. App. 2017). Although Freeman was indicted as a habitual offender under Mississippi Code Annotated

section 99-19-83 (Rev. 2015), "the district attorney agreed to allow him to [instead] plead guilty as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015) . . . ." *Id.* On August 4, 2009, the circuit court sentenced Freeman as a habitual offender under section 99-19-81 to serve five years for Count I, a consecutive twenty-five year sentence for Count II, and a concurrent six-month sentence for Count III. *Id.*

¶3. In 2011, Freeman filed his first PCR motion, which the circuit court denied. *Id.* at (¶3). This Court dismissed Freeman's appeal of the denial as untimely. *Id.* Freeman filed his second PCR motion in 2016 and argued that his indictment had failed to charge a crime. *Id.* at (¶4). After finding that Freeman's second PCR motion was successive-writ barred, was time-barred, and lacked merit, the circuit court summarily dismissed the motion. *Id.* On appeal, this Court affirmed. *Id.* at 1027 (¶11).

¶4. On December 7, 2017, Freeman filed his current PCR motion. Arguing that he was improperly sentenced as a habitual offender under section 99-19-83 because the State had failed to prove a necessary statutory element, Freeman claimed his sentence was illegal. The circuit court found Freeman's third PCR motion was both successive-writ barred and time-barred. Further, the circuit court noted that as part of Freeman's guilty plea, he had actually been sentenced as a habitual offender under section 99-19-81 rather than section 99-19-83. After also concluding that Freeman's claim lacked merit, the circuit court denied Freeman's PCR motion. Aggrieved, Freeman appeals.

**STANDARD OF REVIEW**

¶5. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit

2

court's legal conclusions under a de novo standard of review." *Tingle v. State*, 285 So. 3d 708, 710 (¶8) (Miss. Ct. App. 2019) (quoting *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017)).

**DISCUSSION**

¶6. Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) requires a movant to file a PCR motion within three years after the entry of a judgment of conviction. Here, the circuit court entered Freeman's judgment of conviction in 2009, and Freeman filed his current PCR motion in 2017. As a result, Freeman's current PCR motion is clearly time-barred.

¶7. In addition, Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) provides that the denial or dismissal of a PCR motion bars any second or successive motion. As discussed, Freeman has previously filed two unsuccessful PCR motions. *Freeman*, 220 So. 3d at 1025-26 (¶¶1, 3). In 2011, Freeman's first PCR motion was denied, and this Court subsequently dismissed his appeal as untimely. *Id.* at 1026 (¶3). In 2016, Freeman filed his second PCR motion, which the circuit court dismissed. *Id.* at (¶4). On appeal, this Court affirmed. *Id.* at 1025 (¶1). Based on this case history, we find Freeman's current PCR motion is successive and therefore procedurally barred.

¶8. Despite these procedural bars, Freeman contends that the claim raised in his current PCR motion presents an exception. To prove an exception, Freeman must demonstrate a violation of a fundamental constitutional right. *See Hayes v. State*, 282 So. 3d 1185, 1188 (¶9) (Miss. Ct. App. 2019). "The following 'fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right

3

not to be subject to ex post facto laws.'" *Id.* (quoting *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018)). Mississippi caselaw also acknowledges that under certain circumstances an ineffective-assistance-of-counsel claim might qualify as a fundamental-rights exception. *Id.* "[T]he movant must show[, however,] that there is some basis of truth for his claim." *Id.* "[M]erely asserting a violation of a constitutional right or a claim of ineffective assistance fails to qualify for an exception to a procedural bar." *Id.*

¶9. Freeman argues his current PCR motion presents issues of an illegal sentence and a due process violation at sentencing. He therefore asserts that his current PCR motion qualifies as an exception to the procedural bars. In his appellate brief, Freeman acknowledges that he "entered pleas of guilty to all counts [charged in his indictment] as a . . . section 99-19-81 habitual offender" and that "section 99-19-81 only requires proof of a conviction of two prior felony offenses and . . . does not require proof that the time was actually served."[1] Despite these admissions, Freeman appears to be laboring under the misconception that he was sentenced under section 99-19-83 and that his sentence was illegal because the State failed to prove that he actually served the requisite amount of time for his

---

[1] Section 99-19-81 states:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony unless the court provides an explanation in its sentencing order setting forth the cause for deviating from the maximum sentence, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

underlying felony offenses.[2]

¶10. As discussed, Freeman was indicted as a habitual offender under section 99-19-83. Contrary to Freeman's assertions, however, the record clearly reflects that he pled guilty as, and the circuit court sentenced him as, a habitual offender under section 99-19-81. And unlike section 99-19-83, section 99-19-81 includes no requirement that the State "demonstrate . . . [the defendant] *served* terms in prison in excess of one year." *Frazier v. State*, 907 So. 2d 985, 991 (¶15) (Miss. Ct. App. 2005). Rather, "proof of habitual status is sufficient [under section 99-19-81] where the State demonstrates that a defendant was *sentenced* to terms in excess of one year." *Id.*

¶11. As the circuit court here noted in its judgment, the State entered into evidence during Freeman's plea hearing certified copies of prior convictions, which showed that Freeman had been "previously convicted and sentenced to three (3) years in the Tennessee Department of Corrections in at least [five] (5) . . . cases." The plea-hearing transcript reflects that the

---

[2] Unlike section 99-19-81, section 99-19-83 states:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times *and who shall have* been sentenced to and *served separate terms of one (1) year or more*, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

(Emphasis added).

defense provided the certified copies of Freeman's prior convictions to the State, and in response to the circuit judge's questioning, Freeman's attorney answered that he was satisfied the State could prove Freeman's underlying felony convictions to establish his habitual-offender status under section 99-19-81. In addition, when asked by the circuit judge, Freeman admitted that (1) he had been convicted of the prior felonies that would establish his habitual-offender status; (2) he understood that if sentenced as a habitual offender under section 99-19-81, he would serve every day of the sentence imposed; and (3) he understood that section 99-19-81 required the court to impose the maximum sentence to be served day for day.

¶12. Because the record clearly reflects that the State presented sufficient proof to establish Freeman's habitual-offender status under section 99-19-81 and that the circuit court sentenced Freeman as a habitual offender under that statute, we conclude this assignment of error lacks merit.

## CONCLUSION

¶13. Upon review, we find that Freeman's current PCR motion is a successive motion that is time-barred and lacks merit. We therefore affirm the circuit court's judgment denying Freeman's PCR motion.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

6