# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00853-COA

JEREMY KENT MANNING A/K/A JEREMY MANNING

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/04/2024 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JEREMY KENT MANNING (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DANIELLE LOVE BURKS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/18/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND WEDDLE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. Jeremy Manning pled guilty to attempted murder on February 17, 2023. On July 14, 2023, Manning filed a notice of appeal attempting to pursue a direct appeal of his guilty plea.[1] Because the notice of appeal was four pages long and recited alleged legal issues in handling his guilty plea, the trial court treated the notice of appeal as a motion for post-conviction relief (PCR) and ultimately dismissed it. No appeal was taken from that order of dismissal. Jeremy Manning filed a pleading titled "Petition for Post-Conviction Relief" on

---

[1] The notice of appeal was stamped as filed on July 14, 2023. However, the trial court alleged the date of the filing was after Manning pled guilty "but before July 14, 2023." The court stated that the date was "immaterial" since the court treated the notice of appeal as a PCR motion.

March 18, 2024.[2] The court denied the motion because it was successive. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2.     In 2020, Jeremy Manning was indicted for attempted murder, kidnapping, aggravated assault, third-degree arson, and fourth-degree arson. Manning was charged in all counts as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2020). Plea negotiations resulted in his charges being reduced to attempted murder as a non-habitual offender. On February 17, 2023, Jeremy Manning pled guilty to attempted murder, with the remaining charges being remanded. On March 24, 2023, he was sentenced to serve a term of twenty-eight years in the custody of the Mississippi Department of Corrections (MDOC).

¶3.     On July 14, 2023, Manning filed a pleading entitled "Notice of Appeal." Despite the title, the pleading spanned four single-spaced pages, which contained an introduction, a recitation of facts, and an argument section with three different subsections, including cites to multiple cases and statutes. In the pleading, Manning alleged "a violation of the fifth amendment," claiming his attorney's assistance was ineffective. He argued that his attorney "neglected his pre-trial motions that needed to be filed within a timely manner" and violated Manning's "confidentiality by revealing the plea negotiations to outside sources." Manning also challenged the voluntariness of his plea because the court erred in failing to inform him "of the nature of the charge to which he was pleading guilty and by failing to ensure that there was an adequate factual basis for the plea." He also alleged that the psychiatrist

_____

[2] Manning claims this filing is his first PCR motion. The trial court deemed this filing to be Manning's second PCR.

2

recommended by the state to perform his psychiatric evaluation "manipulat[ed] [Manning's] responses [by] persuading [Manning] to incriminate himself."

¶4.     The trial court treated the "notice of appeal" as a PCR motion in part because Manning waived his right to a direct appeal by pleading guilty. *See Page v. State*, 812 So. 2d 1039, 1042 (¶13) (Miss. Ct. App. 2001) ("Of course, a plea of guilty waives the right to appeal."). Additionally, the trial court treated the notice of appeal as a PCR motion because "[a] pleading cognizable under the Uniform Post-Conviction Collateral Relief Act (UPCCRA) will be treated as a PCR motion that is subject to the [statutory] rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Pickle v. State*, 351 So. 3d 464, 466 (¶4) (Miss. Ct. App. 2022) (citing *Nance v. State*, 327 So. 3d 1089, 1092-93 (¶14) (Miss. Ct. App. 2021)) (quoting *Tanner v. State*, 295 So. 3d 987, 988 (¶5) (Miss. Ct. App. 2020)). We also addressed this issue in a footnote in *White v. State*, 311 So. 3d 1278 (Miss. Ct. App. 2021). In that case, we stated:

> [The defendant's] pleading was styled as a petition for habeas corpus, but any "pleading cognizable under the [Uniform Post-Conviction Collateral Relief Act (UPCCRA)] will be treated as a motion for post-conviction relief that is subject to the [Act], regardless of how the plaintiff has denominated or characterized the pleading." *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011). A petition alleging an unlawful revocation of PRS is cognizable under the UPCCRA. Miss. Code Ann. § 99-39-5(1)(h) (Rev. 2015). Therefore, [the defendant's] pleading is treated as a motion for post-conviction relief.

*Id.* at 1281 n.4.

¶5.     On March 18, 2024, Manning filed a PCR motion arguing the same or similar issues as he did in his July 2023 notice of appeal. On that same day, Manning also filed a motion for appointment of counsel, which was denied. Along with these two motions, he filed a

3

motion for the court to find the successive-writ bar inapplicable. In this latter motion, he made the same argument he now makes on appeal. He "thought there was a direct appeal of his conviction so [he filed] a 'Notice of Appeal'" rather than a PCR motion. On June 4, 2024, the court dismissed Manning's PCR motion after finding it barred as successive, concluding that "Mississippi Code Annotated section 99-39-23(6) (Rev. 2020) states that any order that grants relief, denies relief, or dismisses a PCR motion bars any second or successive motion."

¶6.     On July 23, 2024, Manning appealed and argued that (1) the trial court erred by "denying [Manning's] request for appointment of counsel;" (2) the trial court erred by recharacterizing his notice of appeal as a PCR motion and not giving him notice.

## STANDARD OF REVIEW

¶7.     "We will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Williams v. State*, 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004). For issues involving questions of law, "the applicable standard of review is de novo." *Id.* (citing *Pace v. State*, 770 So. 2d 1052, 1053 (¶4) (Miss. Ct. App. 2000)).

## ANALYSIS

¶8.     Manning's first argument to this Court is that the trial court erred in denying his request for appointment of counsel for his post-conviction proceedings. Manning cites the United States Supreme Court case *Halbert v. Michigan*, 545 U.S. 605, 610 (2005), as authority for contending he had a right to have counsel appointed to appeal from his conviction and sentence after pleading guilty. This argument has been addressed and resolved by *Fluker v. State*, 17 So. 3d 181 (Miss. Ct. App. 2009), which directly rejected Manning's

4

same argument.[3] This argument is without merit.

¶9.     Manning next argues that the trial court erred by recharacterizing his notice of appeal as a PCR motion and not giving him notice. He asserts that his second PCR motion was

---

[3] In *Fluker*, 17 So. 3d at 183 (¶¶6-7), this Court explained:

Fluker's argument is that under *Halbert*, 545 U.S. at 610, he must be appointed counsel because the appeal of the dismissal of his motion for post-conviction relief is essentially his first-tier appellate review as contemplated in *Halbert*. However, the present case is distinguishable from the situation presented in *Halbert*. In *Halbert*, the United States Supreme Court noted that a Michigan defendant who pleaded guilty did not forfeit all opportunity for appellate review; he could still file an application for leave to appeal. *Id.* at 617. At the time that Fluker pleaded guilty to armed robbery, Mississippi Code Annotated section 99-35-101 (Rev. 2000) provided, in part, that "an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty." The Supreme Court, in *Halbert*, recognized that it was not necessary for states to provide such a right when it reiterated the fact that "[t]he Federal Constitution imposes on the States no obligation to provide appellate review of criminal convictions." *Halbert*, 545 U.S. at 610 (citing *McKane v. Durston*, 153 U.S. 684, 687 (1894)).

Unlike the situation in *Halbert*, Fluker has presently mounted a collateral attack on his conviction via the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. §§ 99-39-1 to -29. As this Court has previously stated, "[p]ost-conviction relief is not the same or a substitute for direct appeal." *Andrews v. State*, 932 So. 2d 61, 62 (¶ 3) (Miss. Ct. App. 2006); *see also Cole v. State*, 666 So. 2d 767, 772-73 (Miss. 1995). In *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987), the United States Supreme Court once again refused to find that there existed a right to counsel for a prisoner who wished to mount a collateral attack upon his conviction. *See also Johnson v. Avery*, 393 U.S. 483, 488 (1969). This ruling was undisturbed by the holding in *Halbert*.

In *Fluker*, we directly held that despite the statutory bar, the United States Supreme Court's holding in *Halbert* did not require appellate counsel since seeking post-conviction relief was not a direct appeal. *Fluker*, 17 So. 3d at 184 (¶8). In *Fluker*, the petition for a writ of certiorari was denied.

really his first PCR motion since his first was a notice of appeal. Manning also asserts that his second PCR motion was his attempt to amend his first PCR.

¶10. "A pleading cognizable under the Uniform Post-Conviction Collateral Relief Act (UPCCRA) will be treated as a PCR motion that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Pickle*, 351 So. 3d at 466 (¶4) (citing *Nance*, 327 So. 3d at 1092-93 (¶14)) (quoting *Tanner*, 295 So. 3d at 988 (¶5)). In his July 2023 notice of appeal, which the trial court considered his PCR motion, Manning alleged that there was "a violation of the fifth amendment" because his attorney's assistance was ineffective, and Manning challenged the voluntariness of his guilty plea. Manning alleged in his second PCR motion that (1) "the sentence was obtained in violation of [a] constitutional right to a fair and impartial judge" because the "sentence was pre-determined during an ex parte communication"; (2) "the indictment was fatally defective for fail[ing] to allege an essential element";[4] (3) the "guilty plea was invalid" because "there was no factual basis that the State could . . . prove [Manning's] sanity beyond a reasonable doubt"; and (4) the "guilty plea [was] involuntary," and his attorney's assistance was ineffective. The trial court dismissed what Manning contended was his "first PCR motion" as a successive motion on May 1, 2024, the trial court

---

[4] In Manning's argument he asserts that "the indictment was fatally defective for failure to allege an essential element that the State had to prove beyond a reasonable doubt as established by the United States Supreme Court in *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed. 2d 240 (1962)." The Mississippi Supreme Court stated that "proof of the crime beyond a reasonable doubt need not be set forth in an indictment. We review the sufficiency of an indictment de novo." *Dickerson v. State*, 175 So. 3d 8, 18 (¶31) (Miss. 2015) (citing *Hardy v. State*, 137 So. 3d 289, 301 (¶43) (Miss. 2014) (quoting *Young v. State*, 119 So. 3d 309, 313 (¶10) (Miss. 2013)). This argument is without merit.

stating, "Mississippi Code Annotated section 99-39-23(6) (Rev. 2020) states that any order that grants relief, denies relief, or dismisses a PCR motion bars any second or successive motion." We find no error with the trial court's dismissal of the second PCR motion as successive.

¶11. Finally, Manning cites the United States Supreme Court case *Castro v. United States*, 540 U.S. 375 (2003). That case concerned a federal court's recharacterization of a pro se prisoner's motion "that he called a Rule 33 motion for a new trial" in federal habeas corpus proceedings under 28 U.S.C. § 2255. *Id.* at 378. The court held that

> the court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

*Id.* at 377. *Castro* applied federal habeas corpus law under 28 U.S.C. § 2255. This case does not involve 28 U.S.C. § 2255 and has nothing to do with federal habeas corpus, as Manning was convicted under state law and is proceeding in state court. Contrary to Manning's argument, the Mississippi Supreme Court and this Court have clearly held, "A pleading cognizable under the UPCCRA will be treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Knox v. State*, 75 So. 3d 1030, 1035 (Miss. 2011) (citing *Edmond v. Miss. Dep't of Corr.*, 783 So. 2d 675, 677 (Miss. 2001); *Grubb v. State*, 584 So. 2d 786, 788 (Miss. 1991)); *Pickle*, 351 So. 3d at 466 (¶4) (citing *Nance*, 327 So. 3d at 1092-93 (¶14)) (quoting *Tanner*, 295 So. 3d at 988 (¶5)). We are bound to follow

7

Mississippi Supreme Court precedent on matters of state law. *Cromwell v. Williams*, 333 So. 3d 877, 883 (¶12) (Miss. 2022). While we are also bound to follow United States Supreme Court precedent, *Castro* applies to federal procedural practice derived from a rule of federal appellate procedure. *Castro*, 540 U.S. at 382-83. Further, Mississippi appellate law is settled on classifying pleadings as a PCR motion when there would be no other possible legal mechanism to grant the relief the petitioner requested other than PCR proceedings. The July 2023 notice of appeal was not legally effective to appeal, as there is no right to directly appeal a conviction after a guilty plea. *Spraggins v. State*, 231 So. 3d 1021, 1024 (¶8) (Miss. Ct. App. 2017). In fact, Manning waived such a right to appeal as a result of his plea deal. The Legislature clearly envisioned that any post-conviction attack on a plea or verdict would occur within the parameters set forth in the UPCCRA. A defendant is not afforded two bites at a post-conviction apple. *See Owens v. State*, 281 So. 3d 863, 866 (¶8) (Miss. Ct. App. 2019) ("Essentially, an appellant is granted one bite at the apple when requesting post-conviction relief." (quoting *Dobbs v. State*, 18 So. 3d 295, 298 (¶9) (Miss. Ct. App. 2009))).

¶12. Attempting to challenge his guilty plea with a four-page document setting forth his legal arguments cannot constitute a notice of appeal because he is not entitled to directly appeal from a guilty plea. He is entitled to file a PCR motion. The trial court allowed his pleading to be considered under the only provision of Mississippi law that would qualify it as a legal pleading. The trial court's decision was in compliance with the Mississippi Supreme Court's and this Court's precedent. Accordingly, we find no error.

**CONCLUSION**

8

¶13.    Upon review, this Court finds no error in the trial court's denial of Manning's second PCR motion, and we affirm the order.

¶14.    **AFFIRMED.**

**CARLTON, P.J., EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, P.J., AND McDONALD, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, C.J., AND McDONALD, J.; WILSON, P.J., AND McCARTY, J., JOIN IN PART.**

**WESTBROOKS, J., DISSENTING:**

¶15.    I would find that Manning's first filing on July 14, 2023, entitled "Notice of Appeal," should not have been reclassified as a motion for post-conviction collateral relief (PCR). First, Manning asserts that he filed a notice of appeal and not a motion for PCR under the UPCCRA.[5] Second, Manning cites *Castro v. United States*, 540 U.S. 375 (2003), as support for his argument that his notice of appeal should not have been recharacterized as a PCR motion without notice to him. I believe Manning's filing did not clearly present as a PCR motion, as his filing and the surrounding circumstances were ambiguous. And while I agree with the majority that this is not a federal habeas corpus matter under 28 U.S.C. § 2255, I do

---

[5] In *Wilson v. State*, 301 So. 3d 727, 729 (¶7) (Miss. Ct. App. 2020), our Court stated:

The Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) is the "exclusive . . . procedure for the collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1) (Rev. 2015). The UPCCRA "provide[s] prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues[,] or errors which in practical reality could not be or should not have been raised at trial or on direct appeal." *Id.* § 99-39-3(2).

believe that litigants, especially in the wake of *Howell*,[6] should receive notice when the court intends to re-categorize their petitions. Therefore, I respectfully dissent.

¶16.    Manning attempted to file a direct appeal of his guilty plea. The record reflects that the July 2023 notice of appeal was docketed a few months after he was sentenced, which was beyond the thirty-day limit.[7] *See* M.R.A.P. 4(a). Instead of dismissing the July 14, 2023, notice of appeal, the circuit judge converted the notice to a PCR motion, reached the merits, and promptly denied it on the same day. This was done without providing notice to Manning of the possible consequences of filing a motion under the UPCCRA. As a result, Manning's March 24, 2024 PCR motion, which is currently at issue before our Court, was dismissed as a successive PCR motion.

¶17.    I agree that the trial court has a right to reclassify a litigant's filings when they are cognizable under the UPCCRA. However, in this instance, it was apparent that Manning first attempted to file a notice of appeal. It is important to note that Manning submitted his initial July 14, 2023 filing with the assistance of an interpreter and translator while incarcerated.[8] This is noteworthy because he had to rely on MDOC or the DeSoto County Sheriff's

---

[6] *Howell v. State*, 358 So. 3d 613 (Miss. 2023).

[7] The direct appeal of a guilty plea is impermissible. *See* Miss. Code Ann. § 99-35-101 (Rev. 2020).

[8] *See Miller v. State*, 412 So. 3d 393, 396 (¶10) (Miss. Ct. App. 2024) (citing *Lewis v. State*, 776 So. 2d 679, 680 (¶8) (Miss. 2000) (finding "where a prisoner is proceeding pro se, we shall take into consideration that fact, and in our discretion, not dismiss meritorious complaints simply because they are not artfully drafted")).

Department's legal department to approve and ensure that the notice of appeal was mailed.[9] Considering the timing, it seems to me that he attempted to meet the thirty-day deadline. In his motion, Manning stated that he filed his "Notice of Appeal" within thirty days of his conviction. Substantively, Manning mentioned the filing was a notice of appeal two additional times in the body of the document, and he did not cite or make any effort to comply with the PCR statutes.

¶18.    The best construction of this pleading is that it was not a pleading cognizable under the UPCCRA. Had Manning known his July 14 filing would be considered a PCR motion, thus essentially barring any successive PCR motions, he would have had notice to withdraw his "Notice of Appeal" and amend it to comply with Mississippi Code Annotated section 99-39-5 (Rev. 2020) or contest the recharacterization itself.  Importantly, this Court has seen appeals resulting from the recharacterization of filings submitted by pro se litigants without notice. *See Wilson*, 301 So. 3d at 729 (¶7) (treating a pro se petitioner's "Motion for Relief from Judgment" as a pleading cognizable under the UPCCRA); *Tanner v. State*, 295 So. 3d 987, 989 (¶7) (Miss. Ct. App. 2020) (treating pro se petitioner's post-trial motion as a pleading cognizable under the UPCCRA); *see Grubb v. State*, 584 So. 2d 786, 788 (Miss. 1991) (recharacterizing pro se petitioner's habeas corpus filing as a PCR motion). These cases all predate *Howell*, and unlike the ambiguous petition in the case sub judice, those

_____

[9] In its order dated June 4, 2024, the circuit court acknowledged receipt of Manning's notice of appeal on some date after his guilty plea on February 17, 2023, but before July 14, 2023. Other than that, there is nothing in the record to indicate how Manning's notice of appeal reached or was received by the DeSoto County Circuit Clerk's office. There is no date on his July 14 notice of appeal. Also lacking is a copy of the envelope that would include a post-date marking, acknowledging the date and time of mailing and receipt.

filings substantially complied with UPCCRA's requirements. In addition and more importantly, Manning was not aware of the procedural bars now imposed by having his notice of appeal (in his criminal case) now designated as a new civil PCR motion.

¶19. Post-conviction relief proceedings are civil, not criminal, in nature. *State v Childs*, 309 So. 3d 1, 5 n.2 (Miss. Ct. App. 2020). The UPCCRA is a route for a prisoner to receive civil relief. *Putnam v. Epps*, 63 So. 3d 547, 550 (¶6) (Miss. 2011). "Mississippi appellate courts have stated the UPCCRA, in the pure post-conviction collateral relief sense, is arguably post-conviction habeas corpus renamed." *Bateman v. State*, 267 So. 3d 793, 797 (¶11) (Miss. Ct. App. 2018) (internal quotation marks omitted). In 2023, the Supreme Court in *Howell* determined that the three-year deadline for filing a PCR motion is inflexible and explicitly eliminated the judicially crafted "fundamental rights exception" that previously existed for the statute of limitations in PCR claims. *Haley v. State*, 405 So. 3d 1260, 1262-63 (¶¶10-11, 14) (Miss. Ct. App. 2024). Now the time period and types of claims that may be raised within the UPCCRA are sharply limited. Manning does not only focus on the moniker of the proceeding but on the procedure itself. Accordingly, I believe *Castro* is persuasive and applicable to this case.

¶20. In *Castro*, the United States Supreme Court held:

> A federal district court cannot recharacterize a pro se litigant's motion as a § 2255 motion unless it informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provides the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If these warnings are not given, the motion cannot be considered to have become a § 2255 motion for the purposes of applying to later motions the law's "second or

12

successive" restrictions.

*Castro*, 540 U.S. at 377. In his concurring opinion, Justice Scalia stated:

> Recharacterization . . . requires a court deliberately to override the pro se litigant's choice of procedural vehicle for his claim. We recognized that although this practice is often used to help pro se petitioners, *it could also harm them*. Because of these competing considerations, we reasoned that the warning would "help the pro se litigant understand . . . whether he should withdraw or amend his motion [and] whether he should contest the recharacterization."

*Id.* at 386 (Scalia, J., concurring in part and in judgment) (emphasis added) (quotation omitted).

¶21. Manning's case demonstrates Scalia's position in *Castro* that recharacterization can harm pro se litigants. When courts reclassify pro se petitioners' post-conviction filings without providing notice, the litigants risk losing the opportunity to knowingly prepare their only shot at a motion for post-conviction relief, absent the narrow statutory exceptions. By informing pro se litigants of the intent to recharacterize their filings as PCR motions and informing them of the consequences of recharacterization, we grant the litigants the autonomy to contest, withdraw, or amend the filing. Given that successive PCR motions are barred, it is essential for pro se litigants to understand both the processes and the consequences of submitting a PCR motion if that was not their intention. Otherwise, the recharacterization is to their detriment. I find it persuasive that several federal circuit courts of appeals have ruled that a federal judge may not make such a recharacterization without warning the litigant and providing the opportunity for amendment or appeal.[10] In the context

---

[10] *See Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998) (per curiam); *United States v. Miller*, 197 F.3d 644, 646-47 (3d Cir. 1999); *In re Shelton*, 295 F.3d 620, 622 (6th

13

of recharacterizing a notice of appeal in a state criminal case into a civil post-conviction collateral relief motion, this case is a logical blueprint.

¶22.    Accordingly, I dissent.

**BARNES, C.J., AND McDONALD, J., JOIN THIS OPINION.  WILSON, P.J., AND McCARTY, J., JOIN THIS OPINION IN PART.**

---

Cir. 2002) (per curiam); *Henderson v. United States*, 264 F.3d 709, 710-11 (7th Cir. 2001); *Morales v. United States*, 304 F.3d 764, 767 (8th Cir. 2002); *United States v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2000); *United States v. Kelly*, 235 F.3d 1238, 1240-41 (10th Cir. 2000); *United States v. Palmer*, 296 F.3d 1135, 1146 (D.C. Cir. 2002); *see also Raineri v. United States*, 233 F.3d 96, 101 (1st Cir. 2000) (holding that when a district court, acting sua sponte, converts a post-conviction motion filed under some other statute or rule into a section 2255 petition without notice and an opportunity to be heard (or in the alternative, the movant's informed consent), the recharacterized motion ordinarily will not count as a "first" habeas petition sufficient to trigger the federal statute's gatekeeping requirements).